**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TONY H. MORGAN, ) <br> #05011-748 ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF HENDERSON DETENTION ) <br> CENTER, *et al.*, ) <br> ) <br>     Defendants. ) <br> / | 2:09-cv-01392-GMN-PAL <br><br> **ORDER** |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*,

232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is currently incarcerated at the Federal Correctional Complex in Forrest City, Arkansas, filed this suit when he was a federal pre-trial detainee in Henderson Detention Center ("HDC"), in Henderson, Nevada in July 2009. He names as defendants HDC as well as police captain R. Avrett. Plaintiff alleges that HDC policy, as set and enforced by HDC and Captain Avrett, does not

allow inmates any outdoors or outside-of-cell exercise, despite the availability of an outdoor recreation area. Plaintiff claims that since his arrival at HDC on February 19, 2009, he had been held in "22-23 hr. a day lock-down/isolation" and never been afforded the opportunity for outdoor or out-of-cell exercise. He seeks compensatory damages for violations of his Eighth and Fourteenth Amendment rights.

At the outset, the court notes that, "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims'." *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Therefore, plaintiff's claims will be analyzed under the Eighth Amendment right to be free from cruel and unusual punishment rather any generalized notions of substantive due process under the Fourteenth Amendment, and his Fourteenth Amendment due process claim must be dismissed.

With respect to his remaining claim, the Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (*en banc*); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995); *Allen v. City of Honolulu*, 39 F.3d 936, 938-939 (9th Cir. 1994); *LeMaire v. Maass*, 12 F.3d 1444, 1457-58 (9th Cir. 1993); *Toussaint v. Yockey*, 722 F.2d 1490-1492-93 (9th Cir. 1984). "[A] temporary denial of outdoor exercise with no medical effects[, however,] is not a substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *see also Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). Prison officials may restrict outdoor exercise on the basis of weather, unusual circumstances, or disciplinary needs. *See Spain*, 600 F.2d at 199. "The cost or

inconvenience of providing adequate [exercise] facilities [, however,] is not a defense to the imposition of cruel punishment." *Id*. at 200. Plaintiff states an Eighth Amendment claim.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of Court shall detach and **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claim **may proceed**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claim is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summons for defendants Henderson Detention Center and R. Avrett, and deliver same, along with the complaint, to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

**IT IS FURTHER ORDERED** that plaintiff's "motion requesting stamped/filed copy

of original 1983 civil complaint, receipt for filing fee payment" (docket #4) is **GRANTED**. The Clerk of Court shall send to plaintiff a file-stamped copy of his complaint as well as a receipt for payment of filing fee to his current address as reflected in docket #7.

DATED this  20th  day of August, 2010.

_____
Gloria M. Navarro
United States District Judge