UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY M. MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:09-cv-01392-GMN-PAL |
| ) | |
| CITY OF HENDERSON DETENTION ) | **ORDER** |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are Defendant Ron Averett's Motion to Dismiss (ECF No. 14) and Defendant City of Henderson Detention Center's Motion to Dismiss (ECF No. 15), both of which are ripe for ruling. For the reasons that follow, Defendant Averett's Motion to Dismiss (ECF No. 14) will be DENIED without prejudice and Defendant City of Henderson Detention Center's Motion to Dismiss (ECF No. 15) will be GRANTED, though Plaintiff will be given leave to amend.

**I.  BACKGROUND**

This is a prisoner civil rights action filed against the City of Henderson Detention Center and Captain Ron Averett pursuant to 42 U.S.C. § 1983. Plaintiff filed his Application for Leave to Proceed In Forma Pauperis (ECF No. 1) on July 30, 2009. It was granted on August 18, 2009. (*See* Order, ECF No. 2.) Following the reassignment of the case to this Court, a Screening Order was issued on August 20, 2010 (ECF No. 9) and Plaintiff's Complaint was filed by the Clerk's office on the same day, (*see* ECF No. 10). Relevant to the instant motions, the Screening Order required Plaintiff to furnish the U.S. Marshal's Service with completed USM-285 forms to allow them to effectuate service on Defendants. (Order 4:11-12, ECF No. 9.)

## II.     DISCUSSION

### A.     Defendant Averett's Motion to Dismiss

Defendant Averett requests that the Court dismiss this lawsuit because process was not served properly or in a timely manner.

#### i.     Time of Service

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Defendant Averett contends that this action must be dismissed pursuant to Rule 4(m) because "the Complaint and Summons were served approximately 13½ months after the Plaintiff filed his Complaint." (Mot. to Dismiss 2:20-22, ECF No. 14.)  However, that argument is premised on inaccurate facts.  The Complaint in this case was filed on August 20, 2010, (*see* ECF No. 10), and service was made on September 13, 2010, (Mot. to Dismiss 2:13-16, ECF No. 14); therefore, service was made well within the 120 days provided by Rule 4(m).

Defendant seems to believe that service should have been completed within 120 days of Plaintiff filing his Application for Leave to Proceed In Forma Pauperis, which was submitted to the Court on July 30, 2009, (*see* ECF No. 1).  However, Rule 4(m) imposes no such requirement; it merely requires that service be effectuated within 120 days of the Complaint being filed.

#### ii.     Sufficiency of Service

Plaintiff, who is incarcerated and proceeding *in forma pauperis*, completed a USM-285 form, in which he requested that "City of Henderson Detention Center, Captain R. Avrett [sic]" be served with process at 230 Water St., Henderson, NV 89009. (*See*

ECF No. 12.)  The member of the U.S. Marshal's Service who delivered the process did not serve it on Defendant Averett personally, but, rather, served the process on Carol Miller, who is another employee of the City of Henderson assigned to the City of Henderson Detention Center. (Mot. to Dismiss 2:13-17, ECF No. 14; *see also* ECF No. 12.)  Defendant Averett requests that the Complaint be dismissed because such service does not comply with Federal Rule of Civil Procedure 4(e), which sets forth the proper manner of serving an individual.

The Court agrees that personal service was not effectuated properly.  Federal Rule of Civil Procedure 4(e) requires that personal service be effectuated by delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).  The requirements for personal service under Nevada Rule of Civil Procedure 4(d)(6) are the same.

There is nothing in the record to suggest that Carol Miller was authorized to receive service of process for Defendant Averett, nor is there anything in the record to suggest that there was "a good faith effort to comply with the requirements of Rule 4(e)(2) which resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) [was] only prevented by the defendant's knowing and intentional actions to evade service," *Travelers Cas. And Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009) (setting forth the circumstances in which service can be considered sufficient even though Rule 4(e) was not fully complied with).

However, the Court does not find that dismissal of the action is appropriate at this

time. Although it has now been over 120 days since Plaintiff filed his Complaint, a Court "must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to serve the defendant within the 120 days, Fed. R. Civ. P. 4(m). Plaintiff has shown good cause here.

"Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009).

> In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Id.* (internal quotation marks omitted). Here, Defendant Averett received actual notice of these proceedings and would not be prejudiced if Plaintiff were given an extension of time. Plaintiff--who is currently incarcerated and is proceeding *in forma pauperis*--would, however, be prejudiced, as he appears to have made a good faith effort to complete the USM-285 form and expected service to be effectuated in compliance with that form. Although grouping together City of Henderson Detention Center and Captain R. Averett on the "Serve" line of the USM-285 may have been a bit confusing and though it was perhaps neglectful for Plaintiff to fail to thoroughly examine the Process Receipt (ECF No. 12) to ensure that Defendant Averett had been served properly, any neglect was excusable given the circumstances. Plaintiff will be afforded additional time to effect proper service. Defendant Averett's Motion to Dismiss (ECF No. 14) will therefore be DENIED without prejudice.

**B.    Defendant City of Henderson Detention Center's Motion to Dismiss**

Defendant City of Henderson Detention Center ("CHDC") contends that the claims against it should be dismissed because it lacks the capacity to be sued, as it "has

no legal identity separate and apart from the City of Henderson." (Mot. to Dismiss 2:14-28, ECF No. 15.)  The Court agrees.

"Under Nevada law, in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Ward v. Nevada*, No. 3:09-cv-00007-RCJ-VPC, 2010 WL 1633461, at *3-4 (D. Nev. Feb. 26, 2010) (recommending that the Sparks Police Department and Washoe County Sheriff's Detention Facility be dismissed from the lawsuit because they lack the capacity to be sued) (internal quotation marks omitted).  The Court is not aware of any such statutory authorization allowing CHDC to be sued, nor have the parties provided any.  Indeed, as Magistrate Judge Peggy A. Leen has explained, "[t]he Henderson Detention Center is an inanimate object that may not be sued." *Stringer v. Woolsey*, No. 2:10-cv-00048-KJD-PAL, 2010 WL 2776788, at *3 (D. Nev. July 13, 2010).  If Plaintiff is seeking to articulate a claim for municipal liability under 42 U.S.C. § 1983, then the City of Henderson would be a more appropriate defendant.

Defendant CHDC will therefore be DISMISSED from the lawsuit, but Plaintiff will be given twenty-one (21) days from the date of this Order to file an Amended Complaint.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Averett's Motion to Dismiss (ECF No. 14) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant City of Henderson Detention Center's Motion to Dismiss (ECF No. 15) is **GRANTED**.  Defendant City of Henderson Detention Center is hereby dismissed from this lawsuit.  Plaintiff may file an Amended Complaint naming new, more appropriate defendants **not later than Monday, May 23, 2011**.

**IT IS FURTHER ORDERED** that if Plaintiff chooses not to file an Amended Complaint, he must file a written statement, **not later than Monday, May 23, 2011**, indicating his intention to not file such an Amended Complaint.

**IT IS FURTHER ORDERED** that if Plaintiff files a written statement declaring that he does not intend to file an Amended Complaint**,** the Clerk's Office shall mail him one USM-285 form, as well as any applicable instructions.  The Clerk's Office shall also issue a summons for Defendant Averett and deliver the same, along with the Complaint, to the U.S. Marshal's Service for service.  If Plaintiff files an Amended Complaint, the Clerk's Office shall mail him as many USM-285 forms as there are named defendants in the Amended Complaint. The Clerk's Office shall also issue a summons for each of the defendants in the Amended Complaint and deliver the same, along with copies of the Amended Complaint, to the U.S. Marshal's Service for service.  In both situations, the Clerk's Office shall also send a copy of this Order to the U.S. Marshal's Service.

**IT IS FURTHER ORDERED** that Plaintiff shall have **fourteen (14) days** after the Clerk's Office has mailed him the USM-285 form or forms to complete them and provide them to the U.S. Marshal's Service.  A USM-285 form shall be completed with respect to each defendant.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of receiving the completed USM-285 form or forms from Plaintiff, the U.S. Marshal's Service must notify each defendant specified in the form or forms of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The defendant or defendants must return the signed waiver forms to the U.S. Marshal's Service, which in turn, shall file them with the Court

**IT IS FURTHER ORDERED** that if a waiver of service of summons is returned undeliverable or is not returned or executed by a defendant within thirty (30) days of the

date the U.S. Marshal's Service sent the request for a waiver, the U.S. Marshal's Service must serve the Complaint or Amended Complaint, as appropriate, and summons upon the appropriate defendant in a manner that is proper under Rule 4 of the Federal Rules of Civil Procedure.  Within ten (10) days after effectuating service, the U.S. Marshal's Service must file the return of service, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service on the defendant.  Costs of service will be taxed against the served defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

DATED this 27th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge