UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY H. MORGAN,<br><br>                        Plaintiff,<br><br>vs.<br><br>CITY OF HENDERSON, et al.,<br><br>                        Defendants. | Case No. 2:09-cv-01392-RCJ-PAL<br><br>**ORDER**<br><br>(Mtn for Status Check - Dkt. #27) |

      This matter is before the court on Plaintiff Tony H. Morgan's Motion Requesting Status Check (Dkt. #27). The court has considered the Motion.

      On July 30, 2009, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Dkt. #1) and submitted a Complaint. On August 18, 2009, the court granted Plaintiff's Application and directed Plaintiff to pay the initial partial filing fee. *See* Order, Dkt. #2. Plaintiff complied. *See* Receipt of Payment, Dkt. #3. On August 20, 2010, the court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. *See* Order, Dkt. #9. The United States Marshal's Service effected service of the Complaint, and Defendants filed Motions to Dismiss (Dkt. ##14, 15). The district judge denied Defendant Avrett's Motion to Dismiss without prejudice and granted Defendant City of Henderson's Motion to Dismiss. *See* Order, Dkt. #23. The district judge allowed Plaintiff to amend his Complaint and directed Plaintiff to file his Amended Complaint no later than June 10, 2011. Plaintiff filed his Amended Complaint on June 10, 2011.

      Plaintiff's instant motion states that he has complied with the court's Order (Dkt. #25), but he has not received any USM Form 285 to effect service of the Amended Complaint. Plaintiff is correct. The court must screen his Amended Complaint pursuant to 28 U.S.C. § 1915 before service is directed. The court will do so now.

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff, who is currently incarcerated in the Federal Correctional Complex - Medium in Forrest City, Arizona, filed this suit when he was a federal pretrial detainee in Henderson Detention Center ("HDC") in Henderson, Nevada in July 2009.  He has named the City of Henderson and police captain R. Avrett as Defendants, alleging that HDC's policy, as enforced by the City of Henderson and Defendant Avrett, does not allow inmates any outside or out-of-cell exercise, despite the availability of an outdoor recreation area.  Plaintiff asserts that between his arrival at HDC on February 19, 2009, and his transfer on August 20, 2009, he was held in "22-23 hr. a day lock-down/isolation."  He seeks compensatory damages for violations of his Eighth and Fourteenth Amendment rights.

At the outset, the court notes that Plaintiff has sued Defendant Avrett in his official capacity and has sued the City of Henderson.  Local governments, such as municipalities, can be sued under § 1983,

but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom, *Monell*, 436 U.S. at 690, or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Here, Plaintiff has alleged that the HDC has a policy, which is implemented and enforced by the City of Henderson and Defendant R. Avrett, to prohibit inmates from engaging in outdoor physical exercise.

The Eighth Amendment protections against cruel and unusual punishment apply only to punishment imposed as a result of conviction of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535-37 & n.16 (1979). As a pre-trial detainee, Plaintiff does not enjoy these Eighth Amendment protections. On the other hand, the Due Process Clause of the Fourteenth Amendment applies to a pre-trial detainee, which ensures that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV; *see Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987).

The Due Process Clause permits the state to subject pre-trial detainees to conditions and restrictions of a detention facility as long as those conditions and restrictions do not amount to punishment. *Bell*, 441 U.S. at 535-37. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539. Subsequent cases have applied Eighth Amendment principles in shaping standards applicable to pre-trial detainees. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996).

To prevail on a claim that the conditions of confinement violate the Due Process Clause of the Fourteenth Amendment, a prisoner must meet both the objective and subjective prongs of the test for cruel and unusual punishment under the Eighth Amendment. To meet the objective prong, an inmate must show that the deprivation caused by the official's act or omission is sufficiently serious to result in the denial of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective prong requires that an inmate demonstrate that prison officials acted or failed to

act with deliberate indifference to a substantial risk of harm to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference requires that an official be aware of the condition. *Id*. at 837.

The Ninth Circuit has held that "[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996) (*citing Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Lopez v. Smith,* 203 F.3d 1122, 1133 (9th Cir. 2000) (*en banc)*; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995) (long-term deprivation of exercise is a denial of a basic human need in violation of the Eighth Amendment), *cert. denied* 514 U.S. 1065 (1995); *Allen v. City of Honolulu*, 39 F.3d 936, 938-39 (9th Cir. 1994); *LeMaire v. Maass*, 12 F.3d 1444, 1457-58 (9th Cir. 1993); *Toussaint v. Yockey*, 722 F.2d 1490, 1492-93 (9th Cir. 1984). *But see May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (temporary denial of outdoor exercise of twenty-one days with no medical effects is not a substantial deprivation). Additionally, the Ninth Circuit has held that prison officials may restrict outdoor exercise on the basis of weather, unusual circumstances, or disciplinary needs, but the cost or inconvenience of providing adequate exercise facilities is not a defense to the imposition of cruel punishment. *Spain v. Procunier,* 600 F.2d at 199. Here, Plaintiff alleges that he was deprived of any outdoor exercise for a period of six months. He has stated a claim for a violation of his Fourteenth Amendment due process rights and HDC was aware that he was not receiving outdoor exercise time.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Status Check (Dkt. #27) is GRANTED. Plaintiff is now advised as to the status of this matter.

2. The Clerk of the Court shall issue Summons to Defendants, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant

was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

3. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

Dated this 3rd day of November, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE