UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TONY H. MORGAN | ) | Case No.: 2:09-cv-01392-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| CITY OF HENDERSON DETENTION CENTER, and | ) ) | |
| CAPTAIN R. AVRETT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

This is a prisoner civil rights action filed by Plaintiff Tony H. Morgan against Defendants City of Henderson Detention Center and Captain R. Averett (improperly named as R. Avrett) (collectively, "Defendants"). Pending before the Court is Defendants' Motion to Dismiss. (Mot. Dismiss, ECF No. 32.)

## PROCEDURAL HISTORY

Plaintiff filed a Complaint and an Application for Leave to Proceed *In Forma Pauperis* in July 2009. (ECF No. 1.)  The Court granted Plaintiff's motion on August 18, 2009, and Plaintiff's Complaint against Defendants City of Henderson Detention Center and Captain R. Avrett was filed on August 20, 2010. (Pl.'s Compl., ECF No. 10.)

/ / /

1    Defendants filed separate motions to dismiss in October 2010. (Mot. Dismiss, ECF
2 No. 14-15.)  The Court denied Defendant R. Avrett's Motion to Dismiss, but dismissed
3 Defendant City of Henderson Detention Center from the lawsuit. (Order, ECF No. 23.)
4 Thereafter, Plaintiff filed an Amended Complaint in June 2011 naming R. Avrett and
5 City of Henderson as Defendants. (Am. Compl., ECF No. 26.)  Defendants answered by
6 filing the pending Motion to Dismiss on December 19, 2011. (Mot. Dismiss, ECF No.
7 32.)  Plaintiff filed a Response on December 29, 2011. (Resp., ECF No. 35.)  Defendants
8 then filed a Reply to the Response on January 9, 2012. (Reply, ECF No. 36.)

## SUMMARY OF THE FACTS

10   Between February and August 2009, Plaintiff was a federal pre-trial detainee
11 being held at the Henderson Detention Center ("HDC"), where he was allegedly held in
12 isolation 22-23 hours each day. (Am. Compl. at 3-4.)  Plaintiff filed a grievance on form
13 HPD#4045 in June 2009, complaining of a lack of exercise time and requesting use of the
14 enclosed recreational area. (Inmate Grievance Form Ex. A attached to Am. Compl. at 5.)
15 Plaintiff received a written response on the same form, which had been reviewed and
16 signed by the appropriate authority. (*Id.*)  Plaintiff was told that it was not the policy of
17 the HDC to allow inmates to use the outdoor recreational area and was advised to request
18 a transfer. (*Id.* at 6.)  Plaintiff acknowledged receipt of the response to his grievance by
19 signing and dating the same on July 6, 2009. (*Id.*)  Sometime thereafter, Plaintiff
20 requested a transfer from the HDC. (Resp. at 4.)
21   Plaintiff was transferred to the Federal Correctional Complex in Forrest City,
22 Arkansas, in September 2009 to serve out his sentence. (Letter Req. Status, ECF No. 6.)
23 / / /
24 / / /
25 / / /

## LEGAL STANDARDS

**A.  Rule 12(b)(6) Standard**

A court must dismiss a complaint that fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A claim is sufficient if it puts the defendant on "fair notice of what the . . . claim is and the grounds on which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). In addition, a complaint is valid only if it consists of more than "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In deciding whether a claim is sufficient, a court must disregard allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The remaining factual allegations are assumed true and construed in the light most favorable to plaintiffs. *Id.*

A court must dismiss a complaint only if its factual allegations do not "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. A claim is facially plausible when it contains allegations of material fact that would allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). If it contains allegations that are "merely consistent with" a defendant's liability, the complaint falls short of the plausibility standard. *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be

1  considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion
2  to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th
3  Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of
4  "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.
5  1986). Otherwise, if the district court considers materials outside of the pleadings, the
6  motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa
7  Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

8      If a 12(b)(6) motion prevails, a district court should freely grant a plaintiff leave to
9  amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a). In general, leave
10 to amend should be given with "extreme liberality." *Owens v. Kaiser Found. Health
11 Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians
12 v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). When granting a 12(b)(6) motion, "a
13 district court should grant leave to amend even if no request to amend the pleading was
14 made, unless it determines that the pleading could not possibly be cured by the allegation
15 of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

16 **B.      Pro Se Legal Standard**

17     Allegations contained in *pro se* complaints, such as that put forth by Plaintiff here,
18 are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v.
19 Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). In civil rights cases where
20 plaintiffs appear in *pro se*, courts must construe complaints liberally and give the
21 plaintiffs the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839
22 F.2d 621, 623-24 (9th Cir. 1988); *Wiideman v. Wolf*, 2:09-CV-00596-GMN-LRL, 2010
23 WL 2764703 (D. Nev. July 13, 2010).

24 / / /
25 / / /

# ANALYSIS

**A.     Prison Litigation Reform Act**

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl. at 3.) Section 1983 holds a person liable who, acting under the color of law, deprives another of a right secured by the Constitution or federal law. 42 U.S.C. § 1983.  A municipality or local government may also be liable under section 1983 for the acts of its employees or agents if the alleged violations of civil rights occur during execution of that government's policy or custom. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978).

Claims made pursuant to 42 U.S.C. § 1983 must comply with the provisions of the Prison Litigation Reform Act ("PLRA"), which states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Supreme Court has held that the requirement contained in section 1997e(a)—that all available administrative remedies be exhausted before a prisoner files a suit with respect to prison conditions—should be applied to any type of action in the prison setting without regard to the nature of the claim or the relief sought. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002); *see Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819 (2001). In *Booth*, the Court held that a prisoner must exhaust all available grievance procedures, regardless of whether the remedial system is "plain, speedy, and effective." *Booth*, 532 U.S. at 740.  The Court also made it clear that inmates must exhaust all available remedies even when the authoritative administration is incapable of granting the type of relief sought. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  In addition, the PLRA requires "proper exhaustion," which refers to "using all steps the agency holds out, and doing so

*properly* (so that the agency addresses the issues on the merits)." *Id.* at 89 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Courts in this district have consistently held that "proper exhaustion" is satisfied if an inmate passes either of two tests: (1) the "merits test," which requires that a plaintiff's grievance be decided on the merits and appealed through all possible levels; or (2) the "compliance test," which requires a plaintiff to comply with the "critical rules" for filing grievances, including agency deadlines. *Cinque v. Ward*, 3:09-CV-00229-ECR, 2010 WL 3312608, at *6 (D. Nev. July 28, 2010); *Jones v. Stewart*, 457 F.Supp.2d 1131 (D. Nev. 2006). "Defendants must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Jones*, 457 F. Supp. 2d at 1134.

The Supreme Court recently held that defendants have the burden of raising and proving failure to exhaust because it is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919 (2007). The Ninth Circuit has instructed that failure to exhaust is a matter of abatement and is properly enumerated in a 12(b) motion instead of a motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding whether to grant a motion to dismiss for failure to exhaust, a court "may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir.1988) (per curiam)). If a court finds that an inmate did not properly exhaust the available administrative remedies, the inmate's claim should be dismissed without prejudice. *Id.* at 1120.

For pre-trial inmates held in the HDC, there are systematic guidelines for filing grievances. (Aff. Ex. C attached to Mot. Dismiss 3:9-12, ECF No. 32.) The purpose of such guidelines is "to provide to inmates an internal request and grievance system for

resolving requests, grievances, and appeals regarding confinement." (HPD Policy and Procedure Ex. B attached to Mot. Dismiss at 11.)  If inmates have complaints, they are instructed to file initial requests on an Inmate Request Form, which are reviewed in turn by an Officer, a Captain, and a Lieutenant. (*Id.* at 12.)  If inmates are unsatisfied with the response to their requests, they are given 72 hours to file a grievance by filling out an Inmate Grievance Form, which is reviewed in a similar manner. (*Id.* at 12-13.)  The administrators reviewing the inmates' grievances should not be the same as those reviewing their requests. (*Id.* at 12.)  If inmates are unsatisfied with the responses to their grievances, they may file an appeal and request a hearing within 72 hours of receiving their answers by filling out another form. (*Id.* at 13.)

**B.     Motion to Dismiss for Failure to Exhaust**

Plaintiff filed a request and grievance in accordance with HPD Policy and Procedure CM-4432.01, complaining that he was deprived of adequate exercise time while a pre-trial inmate in the HDC. (Ex. A attached to Am. Compl. at 6.)  Defendants claim that Plaintiff did not exhaust the Henderson Police Department grievance process because he failed to appeal the answer he received on his grievance form. (Mot. Dismiss at 5:13-14.)  Plaintiff alleges that the Lieutenant who signed his grievance form did not instruct him on the appeals process. (Resp. at 4.)  The Court finds that Plaintiff did not file an appeal and request a hearing in accordance with HPD Policy and Procedure CM-4432.

Because he failed to file an appeal at all, Plaintiff failed to satisfy the requirements of the merits test, which requires inmates to appeal their grievances to the highest level of the administrative review process before filing a civil suit. *See Cinque*, 2010 WL 3312608, at *6.  In addition, because his failure to appeal necessarily means he did not meet the Detention Center's 72-hour timeframe for appeals, Plaintiff also failed to satisfy

the requirements of the compliance test, which requires that inmates comply with all prison deadlines before filing suit. *See id.* Thus, Plaintiff did not properly exhaust the administrative remedies available in the HDC. However, Plaintiff appears to argue that (1) because the Lieutenant failed to inform Plaintiff of the appeals process, only the initial grievance form was "available" as that term is defined in the PLRA; and (2) in the alternative, the appeals process should be considered unavailable to him because he was unaware of its existence. (Resp. at 4.) Thus, he argues, Plaintiff complied with the PLRA, and his section 1983 civil action should not be dismissed. (*Id.*)

### 1.  Prison Official Misconduct

Plaintiff alleges that the Lieutenant who reviewed his grievance form failed to inform him of the appeals process and that this act constituted misconduct that would excuse Plaintiff from the PLRA exhaustion requirement. (Resp. at 4.)

The Ninth Circuit has held that inmates may be excepted from the exhaustion requirement if administrative remedies are "effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822 (2010). Administrative remedies are effectively unavailable to prisoners when those remedies are improperly screened by prison officials. *Id.* at 823. Prison officials improperly screen administrative remedies only if they purposefully or mistakenly intervene in a prisoner's discovery of the appeals process. *Id.*; *Nunez v. Duncan*, 591 F.3d 1217, 1226 (2010). In *Nunez*, the court held that a prisoner who failed to file a timely appeal was excused from the exhaustion requirement even though "[t]here [was] nothing in the record to suggest bad faith or deliberate obstruction by the Warden or other prison officials." 591 F.3d at 1226.

Other circuits have likewise held that administrative remedies are unavailable to inmates if they cannot discover those remedies through reasonable effort. *Brown v. Croak*, 312 F.3d 109 (3d Cir. 2002) (excusing the exhaustion requirement when prison

1  officials mistakenly told inmate he had to wait before filing a grievance); *Dole v.*
2  *Chandler*, 438 F.3d 804 (7th Cir. 2006) (holding that an inmate is excused from the
3  exhaustion requirement when prison officials mishandled his grievance); *Miller v. Norris*,
4  247 F.3d 736 (8th Cir. 2001) ("We believe that a remedy that prison officials prevent a
5  prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)"); *Goebert v.*
6  *Lee County*, 510 F.3d 1312 (11th Cir. 2007) (finding that an inmate exhausted her
7  administrative remedies despite failing to appeal her grievance when the appeals process
8  could not have been discovered through reasonable effort).

9  Defendants allege that Plaintiff did not put forth reasonable effort in discovering
10 whether there was an appeals process. (Reply 3:13-15, ECF No. 36.)  Plaintiff does not
11 allege any affirmative misconduct on the part of any prison official that would have
12 disrupted his ability to learn of the appeals process.  Although he claims that the
13 Lieutenant who reviewed his grievance failed to inform him of the opportunity to appeal,
14 Plaintiff does not allege that the Lieutenant or any other officer affirmatively lied about
15 the process in response to an inquiry.  Furthermore, Plaintiff does not allege any fact that
16 would suggest he exerted reasonable effort in discovering whether he had exhausted the
17 Detention Center's administrative remedies.

18  After he received the response to his grievance, Plaintiff signed the form to
19 acknowledge he had received it. (Inmate Grievance Form Ex. A attached to Am. Compl.,
20 ECF No. 26.)  Immediately beneath Plaintiff's signature is language suggesting the
21 opportunity to appeal: "Any further requests need to be filed on an Inmate grievance form
22 within 72 hrs[.] of receipt of this form."  Admittedly, it is somewhat ambiguous whether
23 "further requests" refers to filing an appeal or to filing a different complaint through the
24 request and grievance process; however, Plaintiff could have possibly resolved any
25 confusion by glancing at the top of the form, which directs inmates in obvious language

to "REFER TO HPD POLICY AND PROCEDURE 4432 FOR INFORMATION." Plaintiff does not allege that the Corrections Manual containing HPD Policy and Procedure was deliberately kept from him or that he attempted to follow this piece of instruction. If he had, Plaintiff would have read: "When the grievance is answered, it is forwarded in the same manner as requests. Inmates not satisfied with the resolution may appeal and request a hearing on HPD#4039, Inmate Request Form." In addition, there is an "APPEALS" section below this language in the Manual containing further information regarding the opportunity to appeal (including the 72-hour deadline). It is also worth noting that Plaintiff admits he filed "numerous Request (sic) and Grievances on this matter," suggesting he was familiar with the administrative review process or at least capable of discovering the full process with reasonable effort. (Am. Compl. at 4.) For these reasons, the Court finds that Plaintiff could have discovered the opportunity to appeal and request a hearing if he had exerted reasonable effort.

Because Plaintiff failed to demonstrate that any prison official did anything to make the administrative remedy system "effectively unavailable," and because this Court finds that Plaintiff could have discovered the appeals process through reasonable effort, Plaintiff's case does not fall within the exception allowed in the Ninth Circuit. Accordingly, his claim is dismissed for failure to exhaust.

**2. Mere Unawareness of Prison Grievance System**

Plaintiff appears to argue in the alternative that, even though no prison official engaged in misconduct that effectively barred his appeal, the appeals process was unavailable to him simply because he was unaware of its existence. (Resp. to Mot. Dismiss 3, ECF No. 35.) Defendants reject Plaintiff's interpretation of the PLRA and argue that Plaintiff's claim should be dismissed because he did not fully comply with the Henderson Police Department's administrative remedies, regardless of whether he was

aware of those remedies. (Mot. Dismiss at 5:16-17.)

The Ninth Circuit does not appear to have considered the issue of whether inmates are excused from the exhaustion requirement for mere unawareness.  It appears that all courts considering this issue have held that inmates' awareness of a prison's grievance system is irrelevant when determining whether they satisfactorily exhausted the administrative remedies available to them. *See Brock v. Kenton County, KY*, 93 Fed.Appx. 793 (6th Cir. Mar 23, 2004) (rejecting the plaintiff's argument that the prison's administrative remedies were not "available" to him because inmates were not aware of its existence); *Twitty v. McCoskey*, 226 Fed.Appx. 594 (7th Cir. 2007) (holding that "prisoner's lack of awareness of a grievance procedure . . . does not excuse compliance"); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir.2000) (rejecting an inmate's argument that exhaustion should be excused because he allegedly relied on the warden's representation that the problem would be remedied); *Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270 (10th Cir. 2003) ("even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement").  These courts note that the exhaustion requirement of the PLRA is mandatory, and district courts may not find exceptions to it. *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).  The Eighth Circuit explained: "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.  The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette*, 229 F.3d at 688.

The Supreme Court has emphasized that district courts are not to read exceptions into the PLRA exhaustion requirement. *See Woodford*, 548 U.S. at 85 (2006) ("[e]xhaustion is no longer left to the discretion of the district court, but is mandatory").

While this Court agrees that it is reasonable to expect Defendant to use the word "appeal" on its Grievance Response / Answer form in reference to that procedure instead of other ambiguous terms, consistent with the guidance provided by the Supreme Court and with the precedent of other courts that have considered this matter, the Court finds that Plaintiff is not excused from the exhaustion requirement for merely being unaware of the opportunity to appeal his grievance.  For these reasons, Plaintiff's claim is dismissed without prejudice for failure to exhaust.  Because Plaintiff's claim cannot be cured through the allegation of additional facts, Plaintiff is denied leave to amend.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 32) is **GRANTED**. Plaintiff's Complaint is DISMISSED without prejudice.

The Clerk of the Court is Ordered to close this case.

DATED this __13__ day of _____July_____, 2012.

_____
Gloria M. Navarro
United States District Judge